UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AVIRY ABRAHAM,

    Petitioner,

  -against-

THOMAS DECKER, in his official capacity as
Director of the New York Field Office of U.S.
Immigrations & Customs Enforcement; JOHN
DOE, in his official capacity as Supervising
Detention and Deportation Officer of
Enforcement and Removal Operations; ARIEL
VALDEZ, in his official capacity as Detention
and Deportation Officer of Enforcement and
Removal Operations; JOHN DOE 2, in his
official capacity as ICE Officer; MATTHEW
T. ALBENCE, in his official capacity as
Executive and Associate Director of
Enforcement and Removal Operations; and
UNITED STATES IMMIGRATIONS AND
CUSTOMS ENFORCEMENT,

    Respondents.

-------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 2 2018 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

18-CV-3481 (CBA)

**AMON, United States District Judge:**

  On June 14, 2018, Petitioner Aviry Abraham ("Abraham") filed a writ of habeas corpus

pursuant to 28 U.S.C. § 2241. Abraham is a 25-year-old native of Saint Lucia who suffers from

epilepsy and cognitive disabilities and is currently in custody at the Hudson County Correctional

Facility in Kearny, New Jersey. Respondents have moved to dismiss pursuant to Federal Rule of

Civil Procedure 12 and 28 U.S.C. § 1631, arguing that this Court does not have subject matter

jurisdiction over Abraham's claims. In the alternative, Respondents move to transfer this petition

pursuant to Rule 12 and 28 U.S.C. § 1404(a), asserting that the District of New Jersey is the more

appropriate venue to consider Abraham's petition. For the foregoing reasons, Respondents' motion is granted and Abraham's writ of habeas corpus is transferred to the District of New Jersey, as the Court does not have jurisdiction over the petition.

## BACKGROUND

Abraham is a native and citizen of St. Lucia who entered the United States on August 16, 2013 on a tourism visa for a period not to exceed six months. (D.E. # 14, Ex. A.) Since that time, Abraham has remained in the country, living with his aunt and cousin in Brooklyn, New York. (D.E. # 1 ("Petition") ¶ 6.) Abraham is 25 years old and suffers from cognitive delays and persistent symptomatic epilepsy. (Id.)

On May 31, 2018, United States Immigration and Custom Enforcement ("ICE") agents arrested Abraham at his Brooklyn home and transported him to an ICE facility at 26 Federal Plaza in Manhattan, where he was charged as a removable alien who remained in the United States for a longer time than permitted, pursuant to 8 U.S.C. § 1227(a)(1)(B). (D.E. # 15 ¶ 7.) While still at 26 Federal Plaza, ICE determined that Abraham should not be released from custody, and he was processed and assigned for detention pursuant to 8 U.S.C. § 1226(a) at the Hudson County Correctional Facility in New Jersey. Abraham's first hearing before the New York Immigration Court is scheduled for September 19, 2018. (Id. ¶ 9.) The government has represented to the Court that ICE intends to keep Abraham in custody at the Hudson County Correctional Facility until that time. (PMC Tr. at 10–11.)

At the time of his arrest, Abraham had a criminal case pending in the Criminal Court of the State of New York, Kings County ("Kings County Court"). (D.E. # 15 ¶ 6.) On March 26, 2018, Abraham was charged with aggravated sexual abuse in the 4th degree, in violation of New York

2

Penal Law ("NYPL") § 130.65-a(1)(b), and forcible touching, in violation of NYPL § 130.52. (Id.) The Kings County District Attorney consented to Abraham's release on supervision, and Abraham was due back in Kings County Court the day that he was initially detained by ICE. (Petition ¶ 7.) On June 14, Abraham appeared in Kings County Court. Pursuant to a writ of habeas corpus ad prosequendum issued by that court, (D.E. # 14, Ex. B), ICE transported Abraham from the Hudson County Correctional Facility to 201 Varick Street in Manhattan, where detectives from the office of the Kings County District Attorney took temporary custody of Abraham and brought him to appear for his criminal proceeding in Brooklyn at the Kings County Court. (D.E. # 15 ¶¶ 10–11.)

During the time that Abraham was in Brooklyn on June 14, the instant petition for habeas corpus was filed before this Court. (See Petition ¶ 13.) Abraham subsequently filed a motion for a preliminary injunction on June 22, 2018. (D.E. # 8.) On June 28, Respondents filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12. (D.E. # 12.)

## DISCUSSION

A District Court has the authority to grant writs of habeas corpus pursuant to § 2241 only if a petition is properly filed "within their respective jurisdiction[]." 28 U.S.C. § 2241. The Supreme Court made clear in Rumsfeld v. Padilla that jurisdiction over a § 2241 habeas petition is proper only if the petitioner names the proper respondent and the district court has jurisdiction over that respondent. 542 U.S. 426, 434 (2004). The Court held in Padilla that in a "core" habeas case — one challenging "present physical confinement" — the proper respondent is the "immediate custodian," the individual with the ability to produce the petitioner pursuant to a writ of habeas corpus. Id. at 437–39, 443. Typically, the immediate custodian is the "warden of the detention facility with physical custody of the petitioner." Adikov v. Mechkowski, No. 16-CV-

3797 (JPO), 2016 WL 3926469, at *1 (S.D.N.Y. Jul. 18, 2016). As such, the Court confirmed that "the general rule for core habeas petitions challenging present physical confinement [is that] jurisdiction lies in only one district: the district of confinement." Padilla, 542 U.S. at 443. While the Supreme Court's decision "left open the question" whether this rule applies to "a habeas petition filed by an alien detained pending deportation," id. at 435 n.8, a "clear majority of district courts sitting in this Circuit have applied these rules to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation," Mechkowski, 2016 WL 3926469 at *1; see also Zhen Yi Guo v. Napolitano, No. 09-CV-3023 (PGG), 2009 WL 2840400, at *3 (S.D.N.Y. Sept. 2, 2009) (collecting cases). Indeed, a sizable number of District Courts in this Circuit have transferred § 2241 petitions from aliens detained at the Hudson County Correctional Facility awaiting a removal hearing to the District of New Jersey. E.g., Victor T.R. v. Magafara; No. 16-CV-6136 (VSB), D.E. # 11 (S.D.N.Y. Nov. 7, 2016); Mechkowski, 2016 WL 3926469, at *1; Fortune v. Lynch, No. 15-CV-8134 (KPF), 2016 WL 1162332, at *2 (S.D.N.Y. Mar. 22, 2016); Pusey v. Shanahan, No. 14-CV-4991 (LAP), D.E. # 3 (S.D.N.Y. July 10, 2014); Phrance v. Johnson, No. 14-CV-3569 (TPG), 2014 WL 6807590, at *2 (S.D.N.Y. Dec. 3, 2014); Mendez v. Aviles, No. 13-CV-6547 (CM), D.E. # 5 (S.D.N.Y. Oct. 11, 2013); Akinsemoyin v. Office Dir. Hudson Cty. Jail & Field Office Dir., No. 11-CV-853 (KAM), D.E. # 5 (E.D.N.Y. Apr. 7, 2011).

Abraham attempts to distinguish his case from the framework outlined in Padilla by arguing that his habeas petition is not a "core" habeas petition. (Opp. Mem. at 11–12.) The Court disagrees. Padilla makes clear that a "challenge to physical custody imposed by the Executive" is the "traditional core" of the writ of habeas corpus. 542 U.S. at 442. The primary relief sought by Abraham's habeas petition is his "immediate release, or in the alternative . . . an individualized assessment of [Abraham's] danger and risk of flight . . . and, absent a showing by

4

Respondents . . . [an] order [for] Respondents to release Petitioner on his own recognizance or other appropriate conditions." (Petition at 26.) When asked by the Court at the pre-motion conference what relief Abraham was seeking, counsel responded that she was "asking the Court to release Aviry Abraham. . . ." (PMC Tr. at 4:13–14.) It is undisputed that the Abraham's goal in filing his petition is to challenge his "present physical custody." Therefore, the Court concludes his petition is a "core" habeas petition. Padilla, 542 U.S. at 444; see also Fortune, 2016 WL 1162332, at *2 (finding an alien challenging his detention prior to a bond hearing was a "core" challenge). The Court acknowledges that a few district court opinions in this Circuit have held that habeas petitions involving aliens detained pending removal are "non-core." See e.g., Farez-Espinoza v. Chertoff, 600 F. Supp. 2d 488, 495 (S.D.N.Y. 2009). However, the Court chooses instead to join the majority of district court opinions that have chosen to apply the Padilla framework to aliens in custody challenging their detention prior to deportation. See supra.

Abraham also argues that the appropriate respondents to be named in his petition are the ICE officials in the New York Field Office, and not the individual in charge of the Hudson County Correctional Facility. (Opp. Mem. at 9–11.) He reasons that the ICE officials are proper since they retain the "legal control over the challenged custody." (Id. at 9.) However, the Supreme Court is clear that "identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged custody." Padilla, 542 U.S. at 439 (internal quotations omitted). Abraham points out that while arriving at this conclusion, the Court recognized other "circumstances where the petitioner's immediate custodian would not be the necessary or proper respondent." (Opp Mem. at 11.) However, in those circumstances, the immediate custodian rule does not apply because "no immediate physical custodian [exists] with respect to the custody being challenged." Padilla, 542 U.S. at 439. Here,

an immediate physical custodian exists — the Director of the Hudson County Correctional Facility. As such, a "supervisory official who exercises legal control" over Abraham's custody is not an appropriate individual to name as respondent. Padilla, 542 U.S. at 439–40. The Court concludes that the Director of the Hudson County Correctional Facility in New Jersey, not the members of the ICE New York Field Office,[1] is the appropriate respondent to Abraham's habeas petition.

The Court is not persuaded that because Abraham was technically in Brooklyn at the time that he filed his habeas petition, jurisdiction properly lies in the Eastern District of New York. Abraham's immediate custodian has been the Director of the Hudson County Correctional Facility since he was detained on May 31. A brief stint of two hours in Brooklyn pursuant to a writ of habeas corpus ad prosequendum by the Kings County Court does not change this fact. The Court is not willing to disregard the jurisdictional framework set forth in Padilla simply because Abraham was able to "secure a hiatus to another jurisdiction" for a brief period of time. United States v. Poole, 531 F.3d 263, 273 (4th Cir. 2008) (reasoning as such because the immediate custodian rule "serves the important purpose of preventing forum shopping" and because that purpose would be "thwarted" by a rule allowing a prisoner to file a § 2241 petition any time an individual is present in another district). Although Abraham points to cases where courts in the Southern District of New York have found jurisdiction based on a petitioner's presence in that district, in each of those cases, the petitioner was detained in the Southern District for the purpose of his or her immigration proceeding when the petition was filed. See Louisaire v. Muller, 758 F. Supp. 2d 229, 233–34 (S.D.N.Y. 2010) (noting that the petition was filed "at some point during

---

[1] The named Respondents from the ICE New York Field Office are all located in the Southern District of New York, raising the question whether venue would even be appropriate in the Eastern District of New York.

his transfer" to "ICE's Varick Street Processing Facility"); Escrogin v. Tay-Taylor, No. 14-CV-2856 (RJS), 2015 WL 509666, at *2 (S.D.N.Y. Feb. 5, 2015) (noting that the petition was filed while petitioner was present in SDNY "in connection with his immigration proceedings"); Guillaume v. Muller, No. 11-CV-8819 (TPG), 2012 WL 383939, at *1 n.1 (S.D.N.Y. Feb. 7, 2012) (petitioner was in "custody at the Varick Street Immigration Court" when the petition was filed). Here, Abraham's brief excursion to the Eastern District of New York pursuant to the Kings County Court writ is not sufficiently related to his custody at the Hudson County Correctional Facility and his detention by ICE. Cf. Bacuku v. Shanahan, No. 16-CV-305 (LGS), 2016 WL 1162330, at *1 (S.D.N.Y. Mar. 1, 2016) (transferring a § 2241 petition to the District of New Jersey on venue grounds when a petitioner, "with the exception of his appearances in the New York Immigration Court, is normally detained in New Jersey at the Hudson County Correctional Facility"). The Court does not believe it proper to depart from the Padilla framework for "core" habeas petitions in this case.

Abraham does not name the proper respondent, the Director of the Hudson County Correctional Facility, in his petition. However, even if he did, the Court does not have jurisdiction to issue a writ of habeas corpus ordering the Director to release Abraham from his custody. See Rickenbacker v. United States, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005) (holding that "[t]his Court does not have jurisdiction to issue a writ to custodians of prisoners in Connecticut"). When a civil action is filed in a district court that lacks jurisdiction, the Court may transfer the action "if it is in the interest of justice" to a court in which the petition "could have been brought at the time it was filed. . . ." Zhen Yi Guo, 2009 WL 2840400, at *6. "Courts have consistently found it in the interest of justice to transfer habeas petitions when jurisdiction is lacking." Id. Accordingly, this action will be transferred to the District of New Jersey.

## CONCLUSION

For the reasons set forth above, Respondents' motion is granted, and this action is transferred to the United States District Court for the District of New Jersey. The Clerk of the Court is respectfully directed to transfer the action and to close this case.

SO ORDERED.

Dated: July 11, 2018
      Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge